UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN M. HAIRSTON,

Petitioner,

v.

CAUSE NO. 3:25-CV-698-PPS-AZ

INDIANA ATTORNEY GENERAL,

Respondent.

OPINION AND ORDER

John M. Hairston, a prisoner without a lawyer, filed a habeas petition challenging the sentence issued to him by the Marion Superior Court in connection with Case No. 49G06-8-FA-135837.[1] Based on the petition, it appears that the Marion Superior Court sentenced him once in February 2001 but resentenced him on post-conviction review in February 2005. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Hairston raises several arguments suggesting that the trial court should have ordered his sentences on separate counts to run concurrently rather than consecutively. Notably, Hairston's post-conviction proceedings appear to have culminated in his resentencing in February 2005, which strongly suggests that the one-

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

year federal limitations period has expired and that the habeas petition is untimely. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on my review of the petition, it appears that the date on which the judgment became final is the applicable starting point for calculating timeliness, and I will assume that the resentencing in February 2005 qualified as a new judgment. *See Magwood v. Patterson*, 561 U.S. 320 (2010) (finding that a resentencing hearing resulted in a "new judgment" for purposes of federal habeas review). Hairston's conviction became

2

final for purposes of 28 U.S.C. § 2244(d)(1)(A) in March 2005 either when the time to appeal his new sentence expired or when the time to petition the Indiana Supreme Court on post-conviction review expired.[2] *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within thirty days of judgment); Ind. R. App. 57(C)(1) (petition to transfer must be filed within 45 days of adverse decision). The federal limitations period thus expired one year later in March 2006. Hairston did not file the petition in this habeas case until August 9, 2025. ECF 1 at 8. Because it appears that Hairston filed the habeas petition nearly a decade too late, I am inclined to find that the claims are untimely. Nevertheless, in an abundance of caution, I will allow Hairston an opportunity to address my timeliness concerns before deciding whether to dismiss the petition pursuant to Section 2254 Habeas Corpus Rule 4. *See Walker v. Cromwell*, 140 F.4th 878, 884 (7th Cir. 2025) ("[D]istrict courts may consider *sua sponte* the timeliness of a habeas petition but only after giving both parties 'fair notice and an opportunity to present their positions.'") (citation omitted).

For these reasons, the court:

(1) ORDERS John M. Hairston to file a response to this Order on whether the petition is untimely by November 20, 2025;

(2) CAUTIONS John M. Hairston, that, if he does not respond by that deadline, this case will be dismissed without further notice;

---

[2] Notably, the proper route for appealing a resentencing decision can be murky, and, here, it seems to turn on whether Hairston's concerns were with the post-conviction appellate ruling not granting him enough relief or with the trial court's implementation of that appellate ruling. Based on the limited record, the proper route is unclear, but the deadlines for pursuing either route would have expired around March 2005.

(3) GRANTS the motion for leave to proceed *in forma pauperis* (ECF 2); and

(4) DENIES as UNNECESSARY the motion for status (ECF 3).

SO ORDERED on October 20, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT