UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN M. HAIRSTON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-698-PPS-AZ |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

John M. Hairston, a prisoner without a lawyer, filed a habeas petition challenging the sentence issued to him by the Marion Superior Court in connection with Case No. 49G06-8-FA-135837.[1] According to the petition, the Marion Superior Court initially sentenced him in February 2001 to a total of 64 years of incarceration but resentenced him to a total of 55 years of incarceration on post-conviction review in February 2005. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Hairston raises several arguments suggesting that the trial court should have ordered his sentences on separate counts to run concurrently rather than consecutively. In a prior order, I noted that Hairston's State post-conviction proceedings culminated in his resentencing in February 2005, which strongly suggested that that

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

one-year federal limitations period had expired pursuant to 28 U.S.C. § 2244(d)(1)(A) and that the habeas petition was untimely. ECF 4. However, out of an abundance of caution, I allowed Hairston an opportunity to respond rather the immediately dismissing this case as untimely. *Id.*

In Hairston's response, he explains that he lacked the ability to understand legal documents until many years after his State post-conviction proceedings when he learned to read and analyze legal documents in prison. ECF 9. He maintains that only then could he understand the basis of his habeas claims – that the crime of "attempted murder" was not codified in a single Indiana statute but was instead codified as "attempt" and "murder" in two separate statutes. He contends that, as a result, 28 U.S.C. § 2244(d)(1)(D) should apply to his claims and that the limitations period should run from the date on which the factual predicate of the claim or claims presented "could have been discovered through the exercise of due diligence."

This argument is unpersuasive for two reasons. First, Hairston provides no date as to when he first understood the statutory basis for his conviction, so I could not discern whether the petition was timely under Section 2244(d)(1)(D) even if it operated as Hairston suggests. Second, Section 2244(d)(1)(D) does not operate as Hairston suggests because the due diligence standard is an objective one:

> Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations

2

> delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

*Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). While Hairston's prior lack of education was unfortunate, it was a subjective condition and thus has no bearing on the objective standard set forth in Section 2244(d)(1)(D). From an objective perspective, the State statutes underlying Hairston's conviction likely could have been discovered at his initial hearing. *See* Ind. Code § 35-33-7-5 ("[T]he judge shall direct the prosecuting attorney to give the defendant or the defendant's attorney a copy of any formal felony charges filed or ready to be filed."). It certainly could have been discovered at the conclusion of post-conviction proceedings in 2005 given Hairston's explanation that he gleaned the statutory basis of his conviction from the State post-conviction record and the State court dockets. ECF 9 at 2. In other words, analyses under Section 2244(d)(1)(A) and Section 2244(d)(1)(D) lead to the same conclusions – the one-year federal limitations period began to run around 2005, and the petition is now untimely.

Next, Hairston argues that he is entitled to equitable tolling due to his lack of education and post-conviction counsel's failure to inform of his habeas claims. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Whether to apply equitable tolling to a particular case is a matter for the court's discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Hairston's prior lack of education and legal training is not a valid basis for equitable tolling. *See Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014) ("[L]ack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling. This is the general rule, and it has been applied repeatedly to pro se habeas corpus petitioners."). Further, it is unclear how lack of effective assistance of counsel in connection with State court proceedings could have amounted to an extraordinary circumstance preventing Hairston from filing a timely habeas petition in federal court. While State post-conviction counsel may not have assisted Hairston with his federal petition, there was no indication that post-conviction counsel was obligated to do so or that he affirmatively acted to prevent Hairston from filing a timely petition.

Additionally, even if the untimely nature of the habeas petition could be fairly attributed to post-conviction counsel, federal courts have held that "a garden variety claim of excusable neglect" does not amount to an extraordinary circumstance. *See e.g., Holland*, 560 U.S. at 651–52; *Lombardo v. United States*, 860 F.3d 547, 553 (7th Cir. 2017); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). A common example of garden-variety negligence is an attorney's erroneous understanding of the timeliness of a habeas petition. *See e.g., Lombardo*, 860 F.3d at 554; *Taylor*, 724 F.3d at 811. In *Holland*, the Supreme Court of the United States found the petitioner had demonstrated an

4

extraordinary circumstance because his attorney not only missed the filing deadline for a habeas petition but had failed to respond to many letters from his client asking about his habeas petition and imploring that it be timely filed for years. 560 U.S. at 652. According to the Supreme Court, this course of conduct "constituted far more than garden variety or excusable neglect." *Id.* The most significant differences between Holland's counsel and Hairston's post-conviction counsel is that Holland's counsel was appointed to represent him in federal habeas proceedings and Hairston's counsel was not. *Id.* at 635. But setting that key distinction aside, failing to find every potentially meritorious claim is a garden-variety mistake that is more akin to missing a filing deadline than the egregious failure to communicate illustrated in *Holland*. I also note that, unlike Holland's counsel, post-conviction counsel achieved some success by persuading the Marion Superior Court to reduce Hairston's sentence. Therefore, I cannot find that Hairston has demonstrated an extraordinary circumstance that prevented him from filing a timely habeas petition.

Hairston also contends that he has diligently pursued his claims by continuing to seek education and study his criminal case throughout the years. Significantly, petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). As detailed above, the federal limitations period expired about twenty years ago. Given this substantial length of time, Hairston would need to provide a much more robust accounting of his efforts in order to demonstrate reasonable diligence. Because Hairston has demonstrated neither an

extraordinary circumstance nor reasonable diligence, I find that equitable tolling is not warranted in this case.

Having considered Hairston's timeliness-related arguments, I conclude that the petition is untimely and that Hairston is not entitled to equitable tolling. Therefore, I will dismiss the habeas petition because it is untimely. Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, I deny Hairston a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it is untimely;

(2) DENIES John M. Hairston a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on December 17, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

6